IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


ELNORA MCGLOTHLIN                                                                PLAINTIFF

v.                                        Case No. 4:06-cv-4114

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                   DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Elnora McGlothin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 9).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

Plaintiff protectively filed for supplemental security income (SSI) benefits on July 28, 2004, alleging disability due to an injury to her hands and depression since June 3, 2004. (Tr. 40, 53, 58,

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

75).  Plaintiff's applications were denied  initially and on reconsideration.  (Tr. 31-34).  Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on February 1, 2006.  Plaintiff, represented by attorney Greg Giles, appeared and testified at the hearing, along with vocational expert (VE) Jerry Miller.  (Tr. 205-225).  On July 25, 2006, the ALJ issued an unfavorable decision.  (Tr. 12-21).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision.  (Tr. 4-6).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ

improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); the ALJ erred by not finding Plaintiff has an impairment, or a combination of impairments, equal to one listed in 20 C.F.R. §404.1501, *et seq.*, Appendix; the ALJ erred by not conducting an analysis of Plaintiff's financial means to obtain medical treatment; and the ALJ erred by finding Plaintiff has the RFC for sedentary work.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; Plaintiff's impairments did not match a Listing; the ALJ properly reviewed Plaintiff's finances as they relate to the ability to obtain medical treatment; and substantial evidence supports the ALJ's RFC finding.

### A. *Polaski* Analysis

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility.  The Plaintiff asserts the ALJ failed to perform a proper *Polaski* evaluation.  The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, Plaintiff's complaints were not credible to the extent alleged.

The ALJ reviewed Plaintiff's self-reported restricted daily activities and found them to be

5

inconsistent with the medical findings. (Tr. 13,18). The ALJ found a lack of objective medical evidence to support the alleged disabling painful symptoms. (Tr. 14). The Plaintiff testified she was the primary care giver for her two-year-old child, but Plaintiff's mother comes to her house, and helps out, four times per week. (Tr. 215-216). Plaintiff testified she was able to drive an automobile. (Tr. 217). Plaintiff testified she is able to sit for 15-20 minutes at a time, walk up to 100 feet before having to rest, and could lift 3-4 pounds. (Tr. 218). The ALJ found that Plaintiff's admissions regarding her daily activities are consistent with the ability to perform some level of sedentary work. (Tr. 14).

The ALJ also considered Plaintiff's medication usage. The ALJ found she no longer took strong pain medication. (Tr. 18, 197, 214). *See Richmond v. Shalala*, 23 F.3d 1441, 1443 (8th Cir. 1994)(the lack of strong pain medication is inconsistent with claimant's claim of disabling painful symptoms). Additionally, there is evidence in the record indicating Plaintiff may have misused her prescriptions for Vicodin, which necessitated Dr. McKay to stop prescribing the medication. (Tr. 124-25). *See Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 2003)(claimant's misuse of pain medication is a valid factor when assessing credibility).

The ALJ also discussed potential aggravating factors of Plaintiff's pain. Plaintiff wears braces on her wrists due to her hand pain. Plaintiff indicated anything she tries to do without her braces aggravates her pain. (Tr. 213). The ALJ found no physician placed this level of physical limitation on Plaintiff as she testified too. (Tr. 14). Additionally, Plaintiff's treating physician directed Plaintiff not to wear the braces all the time. (Tr. 214).

I find substantial evidence to support the ALJ's credibility determination of Plaintiff and the

ALJ performed a proper analysis of the factors set forth in *Polaski.*

### B. Listing of Impairments

The Plaintiff also asserts that the ALJ improperly found she had no impairment, or combination of impairments, equal to one listed in 20 C.F.R. §404.1501, *et seq*., Appendix. The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found that the record medical evidence in this case shows Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. (Tr. 12, 19). These impairments included cervicalgia (neck pain) with radicular pain in both upper extremities, lumbosacral backache with radicular pain in both lower extremities, bilateral thumb tenosynovitis, and a history of fracture of the fourth metacarpal of the left hand. (Tr. 19-20). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment or combination of impairments, meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff attempts to show she has a listed impairment and sets forth eleven (11) diagnoses that appear throughout the record. (Doc. No. 10 pg. 3-4). However, Plaintiff fails to show her impairments meet or equal any specific listing. A diagnosis is not disabling *per se*. There must be

a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F2d 1361,1364 (8th Cir. 1990). The ALJ did not err in finding no impairment, or a combination of impairments, equal to one listed in 20 C.F.R. §404.1501, *et seq*., Appendix.

### C. Plaintiff's Lack of Financial Resources

Plaintiff argues the ALJ failed to consider Plaintiff's lack of financial resources as it related to Plaintiff's obtaining medical treatment. Economic justifications for the lack of treatment or compliance with treatment can be relevant to a disability determination. *See Tome v. Schweiker*, 724 F.2d 711 (8th Cir. 1984). However, the ALJ did consider Plaintiff's allegations of financial limitations and properly found theses limitations did not prevent Plaintiff from obtaining medical treatment. (Tr. 14-15). The ALJ found Plaintiff failed to show there had been any unsuccessful attempt to get medical treatment or medication through other sources, including charity, church or social service agencies. (Tr. 14-15).

Plaintiff testified her treating physician, Dr. Douglas Thompson, would not take Medicaid as a means of payment for surgery. (Tr. 211). However, as pointed out by the ALJ, Plaintiff failed to show she sought the services of a physician who would accept Medicaid. (Tr. 14). This was even after Dr. Thompson had written a prescription for Plaintiff to aid her in seeking assistance from other agencies for help with surgical expense. (Tr. 134). The ALJ properly found that Plaintiff's lack of treatment was not caused by financial constraints. Further, The ALJ properly found Plaintiff's failure to seek out other sources of funding for treatment as being inconsistent with a

8

desire to recover from her impairments. (Tr. 14).

### D. Residual Functional Capacity

Plaintiff argues she does not have the RFC for sedentary work and there is no substantial evidence to support such a finding by the ALJ. Defendant argues the ALJ's determination that Plaintiff has the RFC for sedentary work is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). The ALJ clearly also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC

9

determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden, and not the Commissioner's burden, to prove functional capacity. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). The ALJ found Plaintiff could lift and carry up to ten pounds, as well as push and pull up to ten pounds; she could occasionally stand and walk thirty (30) minutes without interruption, for up to two hours total in an eight-hour work period; sit for two hours without interruption for a total of six hours in an eight-hour work period; occasionally climb a flight of stairs, balance, and stoop; but could never crouch, kneel, or crawl. (Tr. 20). Additionally, the ALJ found Plaintiff had no significant impairment in her ability to reach; slight impairment in her ability to handle; and no impairment in her ability to feel, see, hear, and speak. (Tr. 20). Finally, Plaintiff had no environmental limitations. (Tr. 20). The ALJ found Plaintiff's RFC is consistent with the ability to perform a wide range of sedentary work level activity. (Tr. 20).

The Plaintiff finds error with the ALJ's RFC determination by arguing the RFC did not take into account Plaintiff's inability to push, pull and handle objects due to her hand impairment. However, the record evidence shows otherwise.

Medical record evidence indicates Plaintiff was treated by Dr. Douglas Thompson on July 22, 2004. Dr. Thompson diagnosed Plaintiff with bilateral trigger thumb and indicated surgery may be needed resolve her symptoms. However, Dr. Thompson released Plaintiff to work with no restrictions. (Tr. 145). As discussed previously, Plaintiff has yet to undergo this surgery, which according to Plaintiff, would relieve her painful hand symptoms. (Tr. 214).

At the administrative hearing, the ALJ relied on the expertise of a VE to assist in the determination of Plaintiff's disability. (Tr. 223-225). As part of this determination, the VE was asked a hypothetical question utilizing Plaintiff's age, education, residual functional capacity, and prior work experience. (Tr. 224). This hypothetical question required the VE to assume the individual would have a slight impairment in the ability to handle. In response to this hypothetical question, the VE testified Plaintiff could still perform other work existing in significant numbers in the national economy. (Tr. 224). A hypothetical question posed to a VE is sufficient if it sets forth those impairments supported by substantial evidence in the record and accepted as true by the ALJ; likewise, an ALJ may exclude any alleged impairment that he has properly rejected as untrue or unsubstantiated. *See Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001).

The VE testified Plaintiff could perform work as surveillance system monitor and as an assembler of small products. (Tr. 244). The position of surveillance system monitor is listed in the Department of Labor's *DOT* at § 379.367-010. The *DOT* description for a surveillance system monitor indicates the need for reaching, handling and fingering is not involved. The testimony of the VE provides substantial evidence Plaintiff can perform other work existing in significant numbers in the national economy. If a VE can show a significant number of jobs existing in one or more occupations Plaintiff can perform, then the ALJ's decision should be affirmed. See 20 C.F.R. § 416.966(b).

I find substantial evidence exists to support the ALJ's decision that Plaintiff possessed an RFC for sedentary work.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of December, 2007.**

        /s/   Barry A. Bryant
        Honorable Barry A. Bryant
        United States Magistrate Judge